UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF TENNESSEE
                NASHVILLE DIVISION


PHILANDER S. McFARLAND        ]
     Plaintiff,                ]
                               ]     No. 3:14-cv-0757
v.                             ]     (No.3:14-mc-0467)
                               ]     Judge Sharp
STEPHANIE A. POOL              ]
     Defendant.                ]


                      **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Stephanie Pool, a Case Manager at the prison, seeking damages.

Administrative Order No. 93 states that the Clerk may not submit to the Court "any application to proceed in forma pauperis filed by a prisoner unless the signature of the authorized custodian of accounts on the application is properly notarized by a licensed notary public of the State of Tennessee."

Plaintiff was in the process of filing a complaint in federal court when he asked the defendant to notarize his application to proceed in forma pauperis. The defendant allegedly refused to do so. The plaintiff now contends that the refusal to notarize the application constitutes a violation of his civil rights.

1

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527,535 (1981).

In essence, the plaintiff is alleging that the defendant's refusal to notarize his application in some way interfered with his ability to initiate an action in federal court.[1]

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817,821-823 (1977). To demonstrate a violation of that right, the plaintiff must show that the defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff has not shown that the action he was attempting to file in federal court had been adversely affected by defendant's alleged misconduct.[2] Consequently, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Having failed to state a claim upon which relief can be

---

[1] Surprisingly, the defendant notarized the application used by the plaintiff to obtain pauper status in this action. *See* Docket Entry No.6 at pg.2.

[2] The plaintiff cites McFarland v. Pool, No. 3:13-mc-0228 (M.D. Tenn.)(Haynes, C.J., presiding), as the case in which the defendant refused to notarize the application to proceed in forma pauperis. That case remains open and the plaintiff has been granted pauper status. *See* Docket Entry No.10.

granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge